UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GERALD T. GERRARD,

                            Plaintiff,

    -v-                                                    7:14-CV-1235

JOHN BURNS; JEFFERSON COUNTY SHERIFF
DEPARTMENT; and JEFFERSON COUNTY,
NEW YORK,

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                    OF COUNSEL:

GERALD T. GERRARD
Plaintiff, pro se
R.D. Box 119 N. Main Street
Black River, NY 13612

JEFFERSON COUNTY ATTORNEY          DAVID J. PAULSEN, ESQ.
Attorney for Defendants
Jefferson County Office Building
175 Arsenal Street
Watertown, NY 13601

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

      Plaintiff Gerald T. Gerrard ("plaintiff" or "Gerrard") brings a complaint against defendants John Burns ("Sheriff Burns"), Jefferson County Sheriff Department ("the Sheriff's Department"), and Jefferson County, New York asserting claims for defamation, respondeat

superior, and breach of the right to privacy under New York Civil Rights Law section 50-a. Plaintiff seeks $25 million in compensatory damages.

Defendants move to dismiss the complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure ("Rule __") 12(b)(1).[1] No opposition was filed by plaintiff despite requesting and being granted an extension of time in which to respond.

The motion was taken on its submissions and without oral argument.

## II. BACKGROUND

The following facts, taken from the complaint, are assumed true for purposes of the motions to dismiss. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

Gerrard was employed by the Sheriff's Department from 1977 through 1992. Throughout his tenure, he was never subject to any disciplinary action. In February 1991, derogatory comments were made regarding plaintiff's sexuality.[2] When he demanded that a written apology be placed in his personnel file, the offending party refused to comply, but verbally stated he or she was sorry. Following this incident, Gerrard became the subject of ridicule and the target of the Sheriff's Department and its employees.

In September 1991, plaintiff injured his knee while working. He underwent surgery and took over a year off from work. The Sheriff's Department's policy at the time guaranteed an employment position for injured workers for up to one year after the date of an injury.

---

[1] Although the motion is made solely under Rule 12(b)(1) and defendants argue lack of subject matter jurisdiction, they also argue the allegations are insufficient to state claims for defamation, respondeat superior, and violation of New York Civil Rights Law section 50-a. Accordingly, it is fair to say the motion is also made under Rule 12(b)(6) for failure to state a claim.

[2] Plaintiff also alleges that in 1989, an employee of the Sheriff's Department attempted to break into employee personnel records and subsequently resigned from her position. It is unclear how this relates to the derogatory comments made about plaintiff in 1991.

Based on the policy, Gerrard was not allowed to return to work after he was cleared by his physicians. Despite the policy, other injured workers in the preceding and following years who were forced to miss over a year of work were allowed to return to employment at the Sheriff's Department.

In the twenty-one years following his departure from the Sheriff's Department, plaintiff repeatedly tried to return to a position in the law enforcement field. When Gerrard applied for a position as a driver for a tree-cutting service, an Under Sheriff at the Sheriff's Department advised the potential employer that plaintiff "was skizoid, had [his] gun taken away, could deal with the public, and refused to return to work."[3] Compl. ¶ 20. Despite his efforts, Gerrard was unable to find work and suffered severe financial loss. He eventually began looking for lower paying positions outside of the field of law enforcement and returned to school to pursue a paralegal degree. He continued having problems finding employment.

In October 2013, plaintiff considered applying for a security job at a National Aeronautics and Space Administration site. He suspected that someone at the Sheriff's Department was sabotaging his efforts to obtain employment, so he hired an individual to investigate how he was being portrayed by the defendants to potential employers. As a result of this investigation, Gerrard learned he was being portrayed as a mentally disturbed individual who was not a suitable employee.

---

[3] Asserting that plaintiff "could deal with the public" is possibly a typo; presumably the Under Sheriff advised that plaintiff "could <u>not</u> deal with the public."

## III. **DISCUSSION**

As noted, Gerrard has not filed any opposition to defendants' motion. Pursuant to Local Rule 7.1(b)(3), "[w]here a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement . . . the non-moving party's failure to file or serve any papers . . . shall be deemed as consent to the granting . . . of the motion . . . unless good cause be shown." Here, defendants' motion to dismiss is properly filed, plaintiff has failed to oppose it (despite being granted an extension of time to do so), and plaintiff has failed to show good cause. Therefore, it must be determined whether defendants have met their "burden to demonstrate entitlement" to dismissal. An inquiry into whether a movant has met its "burden to demonstrate entitlement" to dismissal under Local Rule 7.1(b)(3) is a more limited endeavor than a review of a contested motion to dismiss. See e.g., Herring v. Tabor, No. 9:12–CV–1739, 2014 WL 2946545, at *5 (N.D.N.Y. June 30, 2014) (noting that where a defendant's motion to dismiss is unopposed, the "burden of persuasion is lightened such that, in order to succeed, the motion need only be 'facially meritorious.'").

### A. **Rule 12(b)(1)**

A district court properly dismisses a case for lack of subject matter jurisdiction where it "lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Subject matter jurisdiction may be based on either a federal question or the complete diversity of citizenship of the parties. 28 U.S.C. §§ 1331, 1332; Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 136 (2d Cir. 2002). Federal question jurisdiction exists where the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of

federal law." Greenberg v. Bear, Stearns & Co., 220 F.3d 22, 25 (2d Cir. 2000) (internal quotations omitted). The plaintiff bears the burden to prove the existence of subject matter jurisdiction by a preponderance of the evidence. Makarova, 201 F.3d at 113.

**B. Rule 12(b)(6)**[4]

To survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(a)(2), more than mere conclusions are required. Indeed, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

Dismissal is appropriate only where a plaintiff has failed to provide some basis for the allegations that support the elements of his claims. See Twombly, 550 U.S. at 570 (requiring "only enough facts to state a claim to relief that is plausible on its face"). When considering a motion to dismiss, the complaint is to be construed liberally, all factual allegations are to be deemed true, and all reasonable inferences must be drawn in the plaintiff's favor. Chambers, 282 F.3d at 152.

**C. Pro Se Plaintiff**

Submissions by pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers," Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir. 1993)

---

[4] Although they have not specifically moved under 12(b)(6), defendants do attack the sufficiency of plaintiff's allegations. Further, as explained in detail below, the claims asserted in the complaint are, on their face, state law claims. However, construed liberally, some allegations could be read as asserting constitutional violations, but those claims would fail for the reasons discussed below. Therefore, in the interest of thoroughness, the standard for failure to state a claim upon which relief may be granted is included here.

(internal quotations omitted), and their pleadings are to be liberally construed "to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999). The obligation to be lenient while reading a pro se plaintiff's pleadings "applies with particular force when the plaintiff's civil rights are at issue." Jackson v. N.Y.S. Dep't of Labor, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004)). Nonetheless, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotations omitted)); see also Zapolski v. Fed. Republic of Germany, 425 F. App'x 5, 6 (2d Cir. 2011) (summary order) (pro se plaintiffs must plead sufficient facts to establish a plausible claim to relief and establish subject matter jurisdiction).

### D. Application

In his complaint, Gerrard does not invoke § 1331 or § 1332.[5] Nor does he identify any specific federal substantive law that defendants allegedly violated or that provides an independent cause of action. He instead asserts these claims: defamation against Sheriff Burns (Count I); respondeat superior against Jefferson County and the Sheriff's Department (Count II); respondeat superior against Jefferson County (Count III); and breach of the right to privacy under New York Civil Rights Law section 50-a against Sheriff Burns, Jefferson County, and the Sheriff's Department (Count IV).

---

[5] Subject matter jurisdiction cannot be based on § 1332 as all parties are undisputably residents of New York.

### 1. **Defamation (Count I)**

"Generally, defamation is an issue of state, not of federal constitutional, law." Vega v. Lantz, 596 F.3d 77, 81 (2d Cir. 2010). Under limited circumstances, a constitutional violation may be found when the defamation is committed by a government official. Id. A defamation claim can be brought as a civil rights violation pursuant to 42 U.S.C. § 1983 when a plaintiff can demonstrate "a stigmatizing statement plus a deprivation of a tangible interest."[6] Id. (quoting Algarin v. Town of Wallkill, 421 F.3d 137, 138 (2d Cir. 2005)). To establish a "stigma plus" claim, a plaintiff must show: (1) "the utterance of a statement sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false," and (2) "a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights." Sadallah v. City of Utica, 383 F.3d 34, 38 (2d Cir. 2004) (internal quotations omitted). The "state-imposed burden" or "alteration" of the plaintiff's status or rights must be in addition to the stigmatizing statement. Id. The Second Circuit has cautioned against conflating the "deleterious effects" of the defamation itself with the "additional state-imposed burden"—the "plus" "necessary for invoking the 'stigma plus' doctrine." Id. at 38–39.

Here, although plaintiff plausibly alleges the "stigma" piece of his claim—that the Sheriff's Department and/or Burns' publication of false and defamatory statements to prospective employers prevented him from obtaining employment—he fails to allege the "plus." As plaintiff alleges he did not return to work due to an injury and the Sheriff's

---

[6] Although no where in the complaint has plaintiff pleaded a claim pursuant to § 1983, or a "stigma plus" claim, such a claim will be considered as plaintiff has asserted a defamation claim against Sheriff Burns, a government official. As Gerrard is proceeding pro se, his pleadings must be liberally construed to raise the strongest arguments that they suggest.

Department's policy regarding absences longer than a year, he cannot argue a plus stemming from the loss of government employment. See Smith v. Town of Stony Point, No. 13 CV 5000, 2014 WL 2217900, at *4 (S.D.N.Y. May 22, 2014) (citing Siegert v. Gilley, 500 U.S. 226, 234 (1991) (finding no liberty interest was implicated when alleged government defamation occurred subsequent to plaintiff's voluntary resignation from government employment); Sadallah, 383 F.3d at 38–39 (damage to reputation and resulting economic harm were direct "deleterious effects" of alleged defamation, and did not "satisfy the separate and independent 'plus' prong of the 'stigma plus' test")). Nor can plaintiff establish a "plus" based on his inability to continue to work in the field of law enforcement, as this is a direct consequence of the defamation itself. See Smith, 2014 WL 2217900, at *4.

Accordingly, plaintiff cannot state a federal constitutional law claim based on the alleged defamatory statements. Defamation is generally a state law claim, and to the extent Gerrard's assertions could be liberally read to allege a stigma plus claim, he fails to allege the plus. Therefore, Count I cannot give rise to subject matter jurisdiction.

### 2. Respondeat Superior (Counts II and III)

Municipalities may be liable for common law torts committed by their employees under the doctrine of respondeat superior. See e.g., L.B. v. Town of Chester, 232 F. Supp. 2d 227, 239 (S.D.N.Y. 2002). Count II alleges respondeat superior liability on the part of the Sheriff's Department and Jefferson County for Sheriff Burns' alleged defamatory statements. As plaintiff's defamation claim is solely a state claim, Count II alleging liability for defamatory statements cannot confer subject matter jurisdiction.

Count III, although titled "Respondeat Superior," could be liberally construed to allege a negligent supervision or failure to train claim against Jefferson County. Under Monell v.

Department of Social Services, 436 U.S. 658 (1978), a municipality may be liable for constitutional violations if caused by: (1) a municipal policy; (2) a municipal custom or practice; or (3) the decision of a municipal policymaker. See Pearce v. Labella, 971 F. Supp. 2d 255, 267 (N.D.N.Y. 2013) (citing Monell, 436 U.S. at 694).

Plaintiff's conclusory allegations that Jefferson County "is responsible for hiring, supervising, and training agencies such as Defendant Sheriff's Department," "Defendant County has a duty to ensure its agencies act competently and ethically," and "Defendant County breached its duty to competently supervise the direction of Defendant Sheriff's Department and its employees," Compl. p.5., allege no facts. Further, there is no underlying constitutional violation alleged for which it could be established that a Jefferson County custom or policy caused said violation. See Monell, 436 U.S. at 694. Accordingly, Count III cannot give rise to subject matter jurisdiction.

### 3. Section 50-a (Count IV)

Plaintiff alleges his privacy was breached under New York Civil Rights Law section 50-a. Section 50-a provides:

> All personnel records used to evaluate performance toward
> continued employment or promotion, under the control of any
> police agency or department of the state or any political
> subdivision thereof . . . shall be considered confidential and not
> subject to inspection or review without the express written consent
> of such police officer . . . except as may be mandated by lawful
> court order.

N.Y. Civ. Rights Law § 50-a. Alone, this alleged violation of a state statute cannot sustain subject matter jurisdiction in federal court. Liberally construed, plaintiff could be alleging a procedural due process violation based on the state statute. To prevail on such a claim, Gerrard "must show he possessed a protected liberty or property interest in the privacy of his

personnel file and was deprived of that interest without due process.[7] Smith, 2014 WL 2217900, at *2 (citing McMenemy v. City of Rochester, 241 F.3d 279, 285–86 (2d Cir. 2001)). He cannot do so however, as "New York courts have repeatedly upheld disclosures of the contents of police personnel files . . . in furtherance of the police departments' official functions." Id. Just as in Smith, defendants here are alleged to have disclosed information from plaintiff's personnel file in furtherance of their official functions (responding to employment inquiries). 2014 WL 2217900, at *2 (finding no procedural due process violation in substantially similar factual context). Section 50-a affords plaintiff no right to privacy in his personnel file under these circumstances, and therefore he cannot claim that defendants' disclosure of his personnel file deprived him of a property interest in violation of the Constitution.

Accordingly, Count IV does not allege a violation of federal substantive law that would confer subject matter jurisdiction upon the undersigned.

### E. Amendment

In its current form, the complaint fails to assert any basis for subject matter jurisdiction, and even construed liberally, it also fails to state a claim upon which relief could be granted. Under such circumstances, a pro se litigant such as plaintiff would normally be granted an opportunity to amend his complaint. Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002). However, such measures are not warranted here because, as explained above, any amendment would be futile. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (dismissal is appropriate where leave to amend would be futile). In light of the above

---

[7] It is not entirely clear the connection between the alleged defamatory statements made to prospective employers and the contents of Gerrard's personnel file.

discussion, it is clear that plaintiff's complaint cannot proceed as drafted and any amendment would be futile.

## IV. CONCLUSION

Gerrard asserts only state law claims over which subject matter jurisdiction is lacking. Even construing his allegations liberally, he cannot make out any federal claims. Because any amendment would be futile, leave to do so is not required. For these reasons, defendants' motion to dismiss plaintiff's complaint will be granted.

Therefore, it is

ORDERED that

1. Defendants' motion to dismiss the complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction is GRANTED;

2. Plaintiff's complaint is DISMISSED in its entirety; and

3. The Clerk is directed to serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules, file a judgment accordingly, and close the file.

IT IS SO ORDERED.

_____
United States District Judge

Dated: April 6, 2015
     Utica, New York.